IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID ALAN SNYDER,** | * |
| Plaintiff, | * |
| v. | *   Civ. No. DLB-22-2307 |
| **GAIL WATTS,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

David Alan Snyder, a pretrial detainee who is proceeding without counsel, filed this civil rights action for damages pursuant to 42 U.S.C. § 1983 against Gail Watts, the Director of the Baltimore County Detention Center ("BCDC"), Sgt. G. Carter, and Sgt. Old. ECF 1, 6. Snyder alleges that during his pretrial detention at BCDC, he was subjected to unconstitutional conditions of confinement, and the defendants failed to protect him from harm. ECF 1, 6.

On January 26, 2023, the Court ordered the parties to file status reports regarding their need for discovery in this case. ECF 12. Snyder did not respond. The defendants filed a status report, ECF 13, and a motion to dismiss, or in the alternative, for summary judgment, ECF 14. In the status report, counsel for the defendants stated that he spoke to Snyder, who indicated that "he no longer has the concerns" regarding the failure to protect claim, and that he "intends to dismiss same." ECF 13. Snyder was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that his failure to file a response in opposition to the defendants' motion could result in dismissal of the complaint. ECF 15. To date, Snyder has not filed a response. No hearing on the motion is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the defendants' motion is granted.

**I.     Background**

Snyder alleges that since April 9, 2022, while detained at BCDC, he has been subjected to black mold in the showers, gnats in the building, vents clogged with dirt and dust, and he has been given cold, rotten, spoiled, and stale food.  ECF 1, at 3.  According to Snyder, the defendants are in violation of policies in the BCDC Inmate Handbook, which provides that all showers must be inspected and cleaned daily, and inmates must be provided three nutritional meals per day.  *Id.*[1]

**II.    Standard of Review**

The defendants move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment.  ECF 14, 14-1.  The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs.  *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).  The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).  When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Because the Court finds it unnecessary to rely on matters outside the pleadings, the Court

---

[1] Snyder also claimed that in May 2022, he was raped by his cellmate at BCDC.  *Id.*  In a supplement to the complaint, Snyder states that after he told Sgt. Old and Sgt. Carter about the incident, they did not believe him and "did nothing."  ECF 6; ECF 6-1.  When Snyder threatened to kill himself, the officers then placed him in a "segregation suicide" cell.  ECF 6-1, at 1.  Counsel for the defendants stated in a status report that Snyder told him that he no longer is pursuing this claim, and Snyder did not file anything to the contrary, despite the Court's order to file a status report.

construes the defendants' motion as a motion to dismiss and reviews Snyder's claims under the Rule 12(b)(6) standard.[2]

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them

---

[2] Notably, the defendants did not attach any evidence in support of their motion, other than a copy of the public docket for Snyder's pending criminal case, the relevance of which is not clear. ECF 14-2. The defendants also do not make any substantive arguments for summary judgment in their motion.

by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)).  The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  If an affirmative defense "clearly appears on the face of the complaint," however, it may be raised as a basis for dismissal under Rule 12(b)(6).  *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the Court must construe *pro se* pleadings liberally.  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).  But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III.  Discussion

#### A.  Exhaustion of Administrative Remedies

The defendants raise the affirmative defense that Snyder has failed to exhaust his administrative remedies.  The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states

that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The phrase "prison conditions" encompasses "all inmate [and pretrial detainee] suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim.  *See Ross v. Blake*, 578 U.S. 632, 639 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).  Consequently, if Snyder has not properly presented any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA.  *See Ross*, 136 S. Ct. at 1857.  Administrative exhaustion under § 1997e(a) is not, however, a jurisdictional requirement and does not impose a heightened pleading requirement on the detainee.  *Jones*, 549 U.S. at 215–16.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  *See id.*; *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).  The Court may dismiss a claim on this ground only if "the defendants raise the issue as an affirmative defense and the [detainee] has had an opportunity to respond to the affirmative defense" or in "the rare, exceptional instance where administrative exhaustion"—or lack thereof—is "apparent on the complaint's face."  *Custis*, 851 F.3d at 362 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

To properly exhaust administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines."

5

*Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore*, 517 F.3d at 725.  Under this requirement, an inmate must use "all steps that the agency holds out, and [do] so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  A court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725.

Here, the defendants state that BCDC has an Inmate Complaint Process, which is explained in the Inmate Handbook.  ECF 14-1, at 4.  The defendants do not attach or even quote the handbook.  Instead, they rely entirely on Snyder's acknowledgement in his complaint that he failed to file a grievance. *See id.*  Snyder said "no" in response to a question on a preprinted complaint form which asks: "If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?"  ECF 1, at 2.  He also said "no" when asked on the same form whether he appealed. *Id.*  When asked to explain why he said "no" to any of the questions, he wrote, "N/A." *Id*.  Typically, the defendants must provide evidence to demonstrate that a plaintiff failed to exhaust administrative remedies. *See Jones*, 549 U.S. at 215–16; *Custis v. Davis*, 851 F.3d at 361–62.  But here, Snyder affirmatively said he did not file a grievance as required by the prison's administrative remedy procedures and did not appeal, and he did not explain why on the form—and he then failed to respond to the motion to dismiss.  Thus, not only did the defendants raise the affirmative defense and Snyder have the opportunity to respond to it, this is also "the rare, exceptional instance where [lack of] administrative exhaustion [is] apparent on the complaint's face." *See Custis*, 851 F.3d at 361–62.  The defendants have met their burden to prove this affirmative defense.

6

## B. Supervisory Liability

Gail Watts argues that the claims against her, even if they are exhausted, should be dismissed, because Snyder does not allege her participation in any constitutional violation. ECF 14-1, at 4–5. A defendant's own action—or failure to act—is required for liability under § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). There is no *respondeat superior* liability under § 1983. *Love-Lane*, 355 F.3d at 782. Officials like Watts may be found liable only if the plaintiff shows the official "acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge*, 550 F.2d at 928 (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md.), *aff'd*, 451 F.2d 1011 (4th Cir. 1971)).

To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that (1) the supervisor had actual or constructive knowledge that subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

The complaint references Watts only as the author of the BCDC Inmate Handbook, which contains the shower cleaning and inspection procedures and requirement that detainees receive nutritious means. ECF 1, at 3. Snyder does not allege that Watts was personally responsible for the alleged unsanitary conditions. Further, he does not allege that Watts knew about the unsanitary conditions or was aware of any of the alleged misconduct by her subordinates. Thus, because

Snyder does not allege Watts' personal participation in or supervisor liability for the constitutional violations, the claims against her are dismissed, alternatively, for failure to state a claim.

## IV.  Conclusion

For the foregoing reasons, the defendants' motion, construed as a motion to dismiss, is granted.[3]  Snyder's claims are dismissed without prejudice for failure to exhaust administrative remedies and, as to Watts, alternatively for failure to state a claim.  A separate order follows.

January 19, 2024
Date

Deborah L. Boardman
United States District Judge

---

[3] The Court will not entertain the defendants' argument that they are entitled to qualified immunity.  The argument consists of a recitation of the law on qualified immunity.  The defendants do not attempt to apply that law to the facts of this case, and the Court will not either.